UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  26-61853-CIV-DAMIAN

DIEGO ALBERTO PEREZ MALDONADO,

      Petitioner,

v.

MARCOS CHARLES, Immigration and Customs
Enforcement and Removal Operations Acting
Executive Director, *et al.*,

      Respondents.

_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On July 2, 2026, Petitioner, Diego Alberto Perez Maldonado ("Petitioner"), currently detained at Broward Transitional Center, filed a Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241, challenging his continued detention in the custody of Immigration and Customs Enforcement ("ICE"). [ECF No. 1 (the "Petition")].

Four months earlier, Petitioner filed a similar § 2241 petition which was also before this Court. *See Maldonado v. Broward Transitional Ctr., et al.*, No. 26-cv-60498-MD (S.D. Fla. Feb. 23, 2026), ECF No. 1 ("First Action").

THE COURT has reviewed the Petitions, the pertinent portions of the record in this case as well as that in the First Action, and relevant legal authority and is otherwise fully advised. For the reasons set forth below, the Petition is due to be denied.

## I.   BACKGROUND

### A.   Proceedings In The First Action.

This Court granted in part the Petition in the First Action and ordered Respondents to afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a). [ECF No. 7, First Action]. On April 7, 2026, Petitioner appeared before an Immigration Judge for a custody-redetermination hearing. The Immigration Judge denied bond. In the written decision, the Immigration Judge concluded that he lacked authority to set bond because Petitioner was an arriving alien and was subject to mandatory detention under the Laken Riley Act, codified at 8 U.S.C. § 1226(c)(1)(E). [ECF No. 9-1 at 2–3, First Action]. The Immigration Judge also separately considered whether Petitioner merited release under *Matter of Guerra*, 24 I. & N. Dec. 37 (B.I.A. 2006), and found that Petitioner had not established that he was a suitable candidate for release on bond. *Id.* at 3. In reaching that determination, the Immigration Judge considered that Petitioner's applications for relief had been denied, that he had been ordered removed, and that his appeal of the removal order remained pending. *Id.* The Immigration Judge thus concluded that Petitioner poses a "heightened risk of flight." *Id.* Petitioner reserved his right to appeal the bond determination. *Id.*

On April 16, 2026, Respondents filed Status Reports in the First Action attaching the Immigration Judge's written decision. [ECF Nos. 8, 9]. The following day, Petitioner filed a Motion to Enforce Court Order [ECF No. 11]. In that Motion, Petitioner argued that the April 7th proceeding did not satisfy this Court's March 31st Order because the Immigration Judge disclaimed jurisdiction, treated Petitioner as categorically ineligible for bond, and applied a statutory framework this Court had rejected. *Id.* Respondents filed a Response on May 1, 2026, asserting that the Immigration Judge complied with this Court's Order by

making an individualized flight-risk determination and that 8 U.S.C. § 1226(e) precludes this Court from reviewing the resulting discretionary bond decision.

After thoroughly reviewing the record of the April 7, 2026 bond proceeding, including the Immigration Judge's written decision [ECF No. 9-1], this Court concluded that Petitioner received the individualized bond determination required by this Court's March 31, 2026 Order. *See* ECF No. 14, First Action. On July 31, 2026, this Court entered an Order denying Petitioner's Motion to Enforce Court Order. *Id*.

### B. *The Instant Case.*

In the Petition now before this Court, Petitioner raises the same arguments he previously raised in the Motion to Enforce filed in the First Action. As in the Motion to Enforce, Petitioner argues that the Immigration Judge "failed to implement this Court's habeas order" by concluding that "Petitioner was an 'arriving alien" over whom the Immigration Court lacked bond jurisdiction." Pet. at 11–12. Petitioner requests that this Court "[d]eclare that the April 7, 2026 custody determination failed to implement this Court's March 31, 2026 Order" and "[v]acate the Immigration Judge's April 7, 2026 custody determination." *See id.* at 19. Petitioner further argues that his continued detention, since July 30, 2025, violates due process. *Id.* at 14–15.

On July 17, 2026, Respondent filed a Response to this Court's Order to Show Cause, arguing that Petitioner cannot challenge the outcome of his bond hearing in this habeas proceeding and that Petitioner's continued detention under 8 U.S.C. § 1226(c) does not violate due process. *See generally* Resp.

On July 24, 2026, Petitioner filed a Reply reiterating that he "does not seek appellate review of the Immigration Judge's discretionary custody determination, nor does he ask this

Court to reweigh the evidence considered at the April 7, 2026 bond hearing." *See* ECF No. 5, at 2. Rather, Petitioner avers that he "seeks enforcement of this Court's prior determination that his detention is governed by 8 U.S.C. § 1226(a) and that he is entitled to the meaningful custody determination required by that statute." *Id.*

## II.   DISCUSSION

"Federal courts retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." (citations omitted)); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d .1541, 1551 (11th Cir. 1986) ("It is well established 'as between federal district courts, . . . the general principle is to avoid duplicative litigation.'" (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976))). "[T]he general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *I.A. Durbin, Inc.*, 793 F.2d at 1551 (citations omitted).

As a preliminary matter, this Court finds that the instant Petition is duplicative of Petitioner's Motion to Enforce filed in the First Action. First, in both cases, Petitioner sues immigration officials. *Compare* Petition at 1 (suing the "Warden of the Broward Transitional Center"), *with* First Action, ECF No. 1 at 1 (same). Second, Petitioner raises overlapping detention-without-bond issues in both actions. *Compare* Petition at 8 (challenging the legality of his continued detention and Respondents' failure to implement this Court's prior *habeas* order), *with* Motion to Enforce, First Action, ECF No. 11, at 5 (same). Third, Petitioner requests the same relief. *Compare* Petition at 19 (requesting immediate release), *with* Motion

4

to Enforce, First Action, ECF No. 11 at 6 (same). For these reasons, this Court finds that the instant action is duplicative of the First Action, and, therefore, is subject to dismissal. Furthermore, this Court's July 31, 2026 Order moots the issues raised in the instant Petition with respect to Petitioner's argument that Respondents failed to implement this Court's prior Order entered in the First Action. *See* ECF No. 14, First Action.

### C. Petitioner's Other Challenge to His Detention.

Notwithstanding the foregoing, this Court has considered Petitioner's remaining challenge to his continued detention raised in the Petition in this case. Petitioner has remained continuously detained at Broward Transitional Center for one year, since approximately July 30, 2025. Pet. ¶ 7. His removal proceedings remain pending before the Board of Immigration Appeals ("BIA"), and his order of removal has not become administratively final. *Id.* ¶ 37. Petitioner argues that his continued detention for more than one year violates due process. Pet. ¶¶ 62–68 (citing *Zadvyas v. Davis*, 533 U.S. 678 (2001)).

Petitioner acknowledges that because his appeal remains pending before the BIA, his removal order is not administratively final. Pet. ¶ 37. Because Petitioner is not in *post*-removal proceedings, *Zadvydas* does not provide him relief. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (explaining that to state a valid claim under *Zadvydas*, a petitioner must show (1) "*post removal order detention* in excess of six months," and (2) "a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" (emphasis added)). As such, Petitioner has not demonstrated any available avenue for relief in this Court due to the length of his detention.

## III.   CONCLUSION

Accordingly, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **DENIED**. The

Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 31st

day of July, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

6